UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ISAS JOSUE YANEZ-BRICENO,

                 Petitioner,                Case No. 1:26-cv-996

v.                                       Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                 Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis*. For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.      Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.20–21.) In an order entered on March 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording

of the February 6, 2026, bond hearing on April 1, 2026. (Resp., ECF No. 6; Recording of Feb. 6, 2026, Bond Hearing, filed on Apr. 1, 2026.) Petitioner filed his reply on April 3, 2026. (ECF No. 7.)

## II.    Factual Background

Petitioner is a citizen of Venezuela who entered the United States on or about December 20, 2023. (Resp., ECF No. 6, PageID.162.) On October 1, 2025, Petitioner was arrested by ICE. (*Id.*, PageID.163.)

On December 20, 2025, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Yanez-Briceno v. Raycraft* (*Yanez-Briceno I*), No. 1:25-cv-1860 (W.D. Mich.). In *Yanez-Briceno I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Yanez-Briceno I*, (W.D. Mich. Jan. 30, 2026), (ECF Nos. 6, 7).

On February 6, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.3.) At that hearing, Petitioner presented "evidence showing a fixed address, work history, US Citizen/LPR sponsor, community ties, and no dangerous criminal record." (*Id.*, PageID.4.)  DHS presented a Form I-213 "which indicated no significant criminal history and no substantiated history of flight risk." (*Id.*) Following the February 6, 2026, hearing, the immigration judge denied Petitioner's request for bond because Petitioner "did not meet his burden to establish he is not a flight risk." (Immigration Judge Order, ECF No. 1-2, PageID.25.)

## III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on

2

the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina*

*v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21,

2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant

Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV.      Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein,

the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

<u>**Conclusion**</u>

The Court will order Respondents to provide Petitioner with an individualized bond

hearing before a neutral immigration judge, at which time the government will have the burden to

demonstrate dangerousness or flight risk by clear and convincing evidence, within five business

days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the

scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court

will also order Respondents to file a status report within six business days of the date of this Court's

opinion and judgment to certify compliance with this opinion and the corresponding judgment.

The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for

the denial.

Dated:      April 15, 2026                    /s/ Jane M. Beckering
                                              Jane M. Beckering
                                              United States District Judge